UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

MORTGAGE INDUSTRY ADVISORY
CORPORATION,

                    Plaintiff

            - v -

PINNEY INSURANCE CENTER, INC.,

                 Defendant.

_____

**COMPLAINT**

16 CV

**JURY TRIAL DEMANDED**

Plaintiff MORTGAGE INDUSTRY ADVISORY CORPORATION ("MIAC" or "Plaintiff"), by its attorneys Thomas M. Lancia PLLC, complains of PINNEY INSURANCE CENTER, INC. ("Pinney" or "Defendant"), as follows:

## PARTIES AND JURISDICTION

1.    Through this Complaint, MIAC seeks statutory damages, actual damages, compensatory damages, punitive and exemplary damages, injunctive relief, and its attorneys' fees and costs pursuant to 15 USC §§ 1116-1118 and N.Y. Gen. Bus. Law §§ 349 and 360-L and for unfair competition and common law trademark infringement.

2.    MIAC is a Minnesota corporation with its principal place of business at 521 Fifth Avenue, 9th floor, New York, New York 10175. Pinney is a California corporation with its principal place of business located at 2266 Lava Ridge Court #200, Roseville, California 95661. Pinney at all times relevant to the Complaint has been authorized to do business in New York under the fictitious name Pinney Insurance Agency.

3.    The Court has jurisdiction over the claims in this matter pursuant to 15 USC § 1121 and 28 USC §§ 1331, 1338, and 1376(a).

4.    Upon information and belief, this Court has personal jurisdiction over Defendant

because it (a) is an authorized foreign corporation; (b) purposefully directs activities to the state of New York, including product sales; (c) regularly conducts and solicits business in the state of New York; and (d) derives revenues from goods and/or services provided to customers in the state of New York.

5.   Venue is proper in this Court pursuant to, *inter alia*, 28 USC §1400(a), 1391(b) and (c).

## FACTUAL BACKGROUND

6.   MIAC has had its headquarters in New York City since it was founded in 1990, growing to over 100 employees, most of whom are in New York City.  MIAC also subsidiaries in England and India.   It is a leading provider of: (i) mortgage asset analytical software, (ii) valuation and brokerage services, and (iii) secondary market and MSR hedge advisory solutions to the financial community.  Its clients include several Federal Home Loan Bank Boards, Freddie Mac, Fannie Mae, Ginnie Mae, several institutional lenders, mortgage originators and the like. For over 25 years, MIAC has held this position within the financial community, and its reputation as an industry leader has only grown stronger during that time.

7.   One of the various goods and services MIAC provides to its customers is called DataRaptor. DataRaptor is a data management tool created by MIAC for companies managing large, complex portfolios. It can be used to manage many types of data portfolios, including residential and commercial whole loans and mortgage servicing rights, fixed and variable loan types, and asset-backed securities.  MIAC's clients and prospective clients have come to trust the DataRaptor name because of the quality services MIAC provides through this software and MIAC's reputation in the industry.

8.   The DataRaptor mark was registered by MIAC with the United States Patent and

Trademark Office on November 25, 2014; it was initially filed by MIAC under a previous business name as an intent-to-use registration on October 3, 2003, but was cancelled and then re-filed by MIAC in 2013.  DataRaptor bears serial number 86068899. The DataRaptor mark was first used by MIAC in commerce on June 6, 2006, as shown by the registration certificate attached hereto as Exhibit A.

9.  Pinney is a national distributor of insurance products with offices in numerous states. It also creates its own systems and tools to aid those who work with it to sell, prospect and process insurance.  One of the systems it offers to its clients is called DataRaptor. MIAC does not license the sale of its DataRaptor software to any distribution outlets.

10.  In November 2015, MIAC learned that the DataRaptor mark was being used on the Pinney website in connection with a "data warehouse" service of the same name that Pinney is offering for sale.  Upon information and belief, Pinney's DataRaptor product is a similar data management tool marketed to Pinney customers seeking to manage their own data portfolios effectively.  This product seems substantially similar as the DataRaptor product offered by MIAC.  MIAC has never licensed or otherwise permitted the use of the DataRaptor mark to Pinney.

11.  A search of the trademark online database revealed several things.  First, that the word DataRaptor is not a common registration; there are a total of one dead and two live registrations for the DataRaptor mark – the live registrations are those of MIAC and Pinney and the dead registration was the initial registration made by MIAC under a previous business name. The search also uncovered that Pinney filed an application for the DataRaptor mark on February 15, 2015.  The date of first use listed on Pinney's application is June 25, 2013, well after MIAC's use of the DataRaptor mark in commerce in June 2006.  Pinney uses the same simple stylistic

format as MIAC in its use of the DataRaptor trademark on its website, making the two nearly indistinguishable.

12. Pinney's application for the mark to date has not yet been passed on to publication, so MIAC has not yet filed an opposition to the mark prior to filing this Complaint.

13. On December 9, 2015, MIAC sent a cease and desist letter to Pinney demanding that Pinney immediately stop use of the trademark DataRaptor on its website. Pinney's counsel responded on December 11, 2015 requesting additional information about MIAC's use of the DataRaptor mark, which was provided in a letter date January 7, 2016. Pinney failed to respond to the letter providing the additional information.

14. A simple internet search was performed for the term "DataRaptor." Pinney's DataRaptor product is the first result, and MIAC's DataRaptor software returns as the fourth result on the same search.

15. Upon information and belief, prospective customers looking for information on MIAC's well known DataRaptor product are likely to be confused by another company's use of the trademark in marketing highly similar software, and may believe that MIAC is the source of or approves of Pinney's software product.

16. The foregoing diluted the value of the MIAC DataRaptor trademark by causing them to be associated with Pinney and its insurance business, a method of distribution that MIAC would never use for its products.

17. As of the date of filing this Complaint, the DataRaptor mark still being used on Pinney's website, a screenshot of which is attached hereto as Exhibit B.

## AS AND FOR A FIRST CAUSE OF ACTION FOR
## FEDERAL TRADEMARK INFRINGEMENT

18. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 of

this Complaint with the same force and effect as if set forth fully herein.

19.  Pinney's offer to sell, the sale of, distribution and advertisement of data management software under the DataRaptor trademark violates Section 32(1) of the Lanham Act, 15 USC § 1114(a).

20.  MIAC's DataRaptor trademark is federally registered and therefore entitled to protection under both federal and common law.

21.  Pinney's unauthorized use of the DataRaptor mark is likely to cause confusion and/or mistake, and to deceive customers and potential customers of Pinney as to the source or origin of Pinney's goods and to cause them to mistakenly believe that Pinney's software program is MIAC's software program, or is otherwise affiliated, connected, or associated with MIAC in violation of Section 32(1) of the Lanham Act, 15 USC § 1114(1).

22.  Pinney's unauthorized use of the DataRaptor mark has caused, and unless enjoined will continue to cause, substantial and irreparable injury to MIAC for which MIAC has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with MIAC's DataRaptor mark and software program.

23.  Upon information and belief, Pinney's infringement of the DataRaptor mark is willful and reflects Pinney's intent to trade on the goodwill and strong brand recognition associated with MIAC's DataRaptor trademark.

24.  In addition to injunctive relief, Defendant is also liable for costs, reasonable attorney's fees, and disgorgement of profits under 15 USC §§ 1114, 1116, and 1117 for trademark infringment.

## AS AND FOR A SECOND CAUSE OF ACTION FOR FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

25. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24 of

this Complaint with the same force and effect as if set forth fully herein.

26. Pinney's offer to sell, the sale of, distribution and advertisement of data management software under the DataRaptor name constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 USC § 1125(a).

27. MIAC's DataRaptor trademark is federally registered and is entitled to protection under both federal and common law.

28. Pinney's unauthorized use of the DataRaptor trademark constitutes unfair competition and the use of a false designation of origin that is likely to cause confuse and deceive customers giving the impression that Pinney's software program is manufactured by, authorized by, or otherwise associated with MIAC in vaiolation of section 43(a) of the Lanham Act, 15 USC § 1125(a).

29. Pinney's unauthorized use of the DataRaptor mark has caused, and if not enjoined will continue to cause substantial and irreparable injury to MIAC for which MIAC has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with MIAC's DataRaptor trademark.

30. Upon information and belief, Pinney's infringement of MIAC's DataRaptor trademark is willful and evidences Pinney's intent to trade on the goodwill and strong brand recognition associated with MIAC's DataRaptor mark.

31. Plaintiff has no adequate remedy at law. If the use of MIAC's DataRaptor trademark is not enjoined, Plaintiff will suffer substantial and irreparable injury to its business reputation and the goodwill associated with MIAC's DataRaptor mark.

## AS AND FOR A THIRD CAUSE OF ACTION FOR FEDERAL TRADEMARK DILUTION

32. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 of

this Complaint with the same force and effect as if set forth fully herein.

33.   MIAC's DataRaptor trademark is federally registered and is entitled to protection under both federal and common law.

34.   MIAC's DataRaptor trademark is a well-known mark in the financial and other industries.   Specifically, the DataRaptor trademark is inherently distinctive and unique and has acquired a high degree of distinctiveness; MIAC has used the DataRaptor trademark for nearly ten (10) years in connection with its data management software; MIAC has extensively promoted the software bearing the DataRaptor trademark for nearly ten (10) years; the DataRaptor trademark has an extremely high degree of recognition among consumers; and the DataRaptor trademark is registered on the Principal Register of the United States Patent and Trademark Office under the Lanham Act.   Accordingly, MIAC's DataRaptor trademark qualifies for protection from dilution under Section 43(c) of the Lanham Act, 15 US § 1125(c).

35.   Pinney's unauthorized use of MIAC's DataRaptor trademark has diluted and damaged the distinctiveness of the DataRaptor mark and has caused, and will continue to cause, substantial and irreparable injury to MIAC for which MIAC has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the DataRaptor trademark, in violation of the Federal Trademark Dilution Act of 1995, 15 USC § 1125(c).

36.   Plaintiff has no adequate remedy at law.   If the use of the DataRaptor trademark by Pinney is not enjoined, Plaintiff will suffer substantial and irreparable injury to its business reputation and the goodwill associated with its DataRaptor trademark.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR VIOLATION OF NEW YORK GENERAL BUSINESS LAW ARTICLE 22-A § 349

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 of

this Complaint with the same force and effect as if set forth fully herein.

38.     Without Plaintiff's authorization or consent, Pinney manufactured, distributed, promoted, offered for sale, and sold to the public data management software under the DataRaptor mark that, upon information and belief, is highly similar to the DataRaptor trademark, in direct competition with MIAC's software bearing the DataRaptor trademark.

39.     Pinney's unauthorized use of MIAC's DataRaptor trademark is likely to cause confusion or deceive customers as to the origin, sponsorship, or approval of Pinney's software product by creating the false and misleading impression that Pinney's software product is manufactured by, authorized by, or otherwise associated with MIAC.

40.     If Pinney's activities are not enjoined, Plaintiff will suffer immediate and continuing irreparable harm and injury to its reputation and to the goodwill and distinctiveness of its DataRaptor trademark.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR VIOLATION OF NEW YORK GENERAL BUSINESS LAW ARTICLE 24 § 360-L

41.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 40 of this Complaint with the same force and effect as if set forth fully herein.

42.     Pinney's unauthorized offer to sell, sale, distribution, and advertisement of data management software bearing the DataRaptor name violates Section 360-L of the New York General Business Law.

43.     MIAC's DataRaptor trademark is federally registered and is entitled to protection under both federal and New York common law.

44.     Pinney's unauthorized use of MIAC's DataRaptor trademark is likely to confuse and deceive consumers as to the sponsorship or approval of Pinney's data management software by creating a false and misleading impression that Pinney's data management software is

authorized, licensed, or otherwise associated with MIAC.

45.   Pinney's unauthorized use of MIAC's DataRaptor trademark will cause substantial and irreparable injury to MIAC for which MIAC has no remedy at law, including at least substantial and irreparable injury to the goodwill and reputation associated with MIAC's DataRaptor trademark.

46.   Pinney's unauthorized use of MIAC's DataRaptor trademark has diluted and damages the distinctiveness of MIAC's well known trademark and has cause and will continue to cause substantial and irreparable injury to Plaintiff for which it has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with MIAC's DataRaptor trademark.

47.   Plaintiff is entitled to injunctive relief and is also entitled to recovery of Pinney's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT IN VIOLATION OF NEW YORK COMMON LAW

48.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 47 of this Complaint with the same force and effect as if set forth fully herein.

49.   Pinney's offer to sell, sale, distribution, and advertisement of data management software bearing the DataRaptor trademark constitutes common law trademark infringement.

50.   MIAC's DataRaptor trademark is federally registered and is used and advertised in New York and elsewhere extensively, and are entitled to protection under both federal law and New York common law.

51.   Pinney's unauthorized use of MIAC's DataRaptor trademark is likely to cause confusion and deceive consumers as to the origin, sponsorship, or approval of Pinney's data management software by creating the false and misleading impression that Pinney's data

management software is manufactured by, authorized by, or otherwise associated with MIAC.

52.  Pinney's unauthorized use of MIAC's DataRaptor trademark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to MIAC for which it has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with MIAC's DataRaptor trademark.

53.  Upon information and belief, Pinney's use of the DataRaptor trademark is willful and evidences Pinney's intent to trade on the goodwill and strong brand recognition associated with MIAC's DataRaptor trademark.

54.  Upon information and belief, Pinney's infringment of MIAC's DataRaptor trademark has or will result in confusion and deception among consumers as to the origin, sponsorship or approval of Pinney's data management software and has caused significant damages to MIAC.

55.  Pinney's actions constitute trademark infringement in violation of New York State common law and, in addition to injunctive relief, MIAC is entitled to recovery of damages, costs and reasonable attorneys' fees from Pinney for trademark infringement.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR UNFAIR COMPETITION IN VIOLATION OF NEW YORK COMMON LAW

56.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 55 of this Complaint with the same force and effect as if set forth fully herein.

57.  Upon information and belief, Pinney knew of the distinctiveness of the MIAC DataRaptor trademark and intended to and did trade on the goodwill and strong brand recognition associated with it by manufacturing, distributing, promoting, advertising and selling highly similar data management software bearing the DataRaptor name.

58.  Pinney's use and sale of data management software bearing the DataRaptor trademark are likely to cause confusion, mistake and deception to consumers as to the affiliation,

connection, or association of MIAC with Pinney, and as to the origin, sponsorship, or approval of Pinney's data management software bearing the DataRaptor trademark to the detriment of MIAC and to the unjust enrichment of Pinney.

59.  Pinney's unauthorized use of the DataRaptor trademark, unless enjoined, will cause substantial and irreparable injury to MIAC, including at least substantial and irreparable injury to the goodwill and reputation associated with the DataRaptor trademark, for which MIAC has no adequate remedy at law.

WHEREFORE, MIAC demands judgment in its favor and against Defendant, as follows:

(1)    That Defendant and its employees, agents, successors or assigns, princpals, officers, partners, subcontractors, attorneys affiliates, licensees, subsidiaries and related companies or entities be permanently enjoined from, directly or indirectly, infringing in any manner the Plaintiff's trademark and from using on its website or otherwise the DataRaptor mark in conjunction with the sale of its data management software, and from violating the Lanham Act, 15 USC § 1114 *et seq.*;

(2)    That Defendant be required to pay Plaintiff the damages for infringement and dilution of the DataRaptor trademark, including but not limited to all of Defendant's profits derived from the use of the DataRaptor mark;

(3)    That Defendant be required to pay Plaintiff its actual, direct and consequential damages incurred as the result of Defendant's infringement of Plaintiff's trademark;

(4)    That Defendant be required to pay Plaintiff its attorneys' fees and other costs of this action, and pre-judgment interest on all damages and sums; and

(5)    Any such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        February 11, 2016

THOMAS M. LANCIA PLLC
Attorney for Plaintiff

Thomas M. Lancia, Esq.
22 Cortlandt Street 16th Floor
New York, New York 10007
212.964.3157
tlancia@lancialaw.com

11